## CHARLES C. LANE *vs.* JAMES H. ROBERTS.

The want of a declaration in a writ cannot be first taken advantage of on appeal, after a trial on the merits in the inferior court.

ACTION OF TORT, commenced and tried before a justice of the peace, who gave judgment for the plaintiff. The defendant appealed to the court of common pleas, and there moved to dismiss the action, because the writ, at the time of its service and entry, contained no declaration, though one was filed on the return day. The court of common pleas overruled the motion, and the defendant appealed to this court.

*C. F. Bennett*, (*W. L. Shepardson* with him,) for the defendant. The writ, containing no declaration when it was served, was a nullity. The justice therefore had no jurisdiction of the party or the subject matter, and no subsequent proceedings could be a waiver of the defect. *Brigham* v. *Este*, 2 Pick. 420. *Guilford* v. *Adams*, 19 Pick. 376. *Carlisle* v. *Weston*, 21 Pick. 535. *Robinson* v. *Mead*, 7 Mass. 353. *Osgood* v. *Thurston*, 23 Pick. 110. 3 Chit. Gen. Pract. 524.

*J. S. Page*, for the plaintiff.

BY THE COURT. It is very difficult to see how this fact can be brought before the court on a motion to dismiss for a defect existing at the time of the entry of the action before the justice. The case comes before us upon a complete writ, containing a good declaration, upon which there has been a trial and judgment.

But the more decisive objection is, that it was matter of abatement; and, like a plea in abatement, the motion should have been made at the earliest stage. And the defendant having been served with process and appeared, the court having jurisdiction, it was competent for the court to allow an amendment—by consent, at least, if not otherwise—by inserting a proper declaration; and, for aught that appears, such amendment was made. And going to trial on the merits is a waiver of a motion to dismiss, as of a plea in abatement. The ground of this is, that a party shall not take his chance of getting a judgment upon the merits, and then, upon his failure, go back and take advantage of a defect of form, which was or might have been known before the trial. He has a right to take objections in point of form, but he must take them at the proper time. *Simonds* v. *Parker*, 1 Met. 508. *Clark* v. *Montague*, 1 Gray, 446. *Judgment for the plaintiff*